**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 14, 2016

LETTER TO COUNSEL

RE:   *Shannon A. Tegeler v. Commissioner, Social Security Administration*;
      Civil No. SAG-15-3489

Dear Counsel:

On November 17, 2015, Plaintiff Shannon A. Tegeler petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Tegeler's reply. (ECF Nos. 16, 17, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Tegeler's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Tegeler filed her claims in January, 2012, alleging a disability onset date of July 30, 2011. (Tr. 151-58). Her claims were denied initially and on reconsideration. (Tr. 54-72, 75-96). A hearing was held on April 1, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 26-53). Following the hearing, the ALJ determined that Ms. Tegeler was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-25). The Appeals Council ("AC") denied Ms. Tegeler's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Tegeler suffered from the severe impairments of bipolar disorder with psychotic features and schizoaffective disorder. (Tr. 14). Despite these impairments, the ALJ determined that Ms. Tegeler retained the residual functional capacity ("RFC") to:

> perform work at all exertional levels. However, the claimant is limited to work in a low-stress job, which is defined as requiring only occasional decision making or changes in the work setting. The claimant can also be expected to be off task at times during a workday, but not more than 10% of a normal workday in addition to regularly scheduled breaks.

*Shannon A. Tegeler v. Commissioner, Social Security Administration*
Civil No. SAG-15-3489
September 14, 2016
Page 2

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Tegeler could perform work existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 20-21).

Ms. Tegeler raises two primary arguments on appeal. First, she argues that the ALJ improperly applied the mental health listings to her case. Second, she contends that the Appeals Council did not adequately consider the information presented on appeal, particularly the opinion of a treating source, Jack H. Hedblom, Ph.D., LCSW-C. Each of Ms. Tegeler's arguments lacks merit and is addressed below.

First, Ms. Tegeler argues that the ALJ improperly applied the mental health listings to her case. Pl. Mot. 18, 22; Pl. Reply 1-4. Ms. Tegeler correctly notes that the ALJ should have cited Listing 12.04 (Affective Disorders) in addition to the Listing that was cited, 12.03 (Psychotic Disorders). However, that error is harmless because the two listings require proof of the same criteria. The ALJ considered Ms. Tegeler's mental health records as a whole in addressing Listing 12.03, and identification of Listing 12.04 would not have changed the analysis.

Ms. Tegeler further asserts that the ALJ's Step Three analysis was flawed because the ALJ merely cited to a list of exhibits without providing actual analysis. Pl. Reply at 2. Although the structure of the ALJ's opinion could have been clearer, the ALJ expressly stated that he was providing the supporting analysis "in the evaluation that follows" rather than in the Step Three section of the opinion. (Tr. 14-15). The ALJ then did in fact provide an explanation for his conclusions that Ms. Tegeler had mild restrictions in the domains of "activities of daily living" and "social functioning," moderate difficulties in "concentration, persistence, or pace," and one to two episodes of decompensation, each of extended duration. (Tr. 17-19). Further, the ALJ expressly addressed why he concluded that Ms. Tegeler had only mild limitation in social functioning, where the non-examining State agency physicians had believed her to have more significant limitations. (Tr. 18-19). Those reasons included her ability to work part-time as a bank teller and the lack of objective evidence to support her need for breaks at work to avoid dealing with people. *Id.* The ALJ also credited the opinion of the medical expert, Dr. Muller, who opined that Ms. Tegeler "is stable when she is in compliance with the medication regimen." (Tr. 19). This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ's decision meets that standard.[1]

Finally, Ms. Tegeler contends that the AC erroneously declined to remand the case for new and material evidence, particularly the opinion of a medical source, Jack H. Hedblom, Ph.D, LCSW-C, who stated that he had treated Ms. Tegeler for years, although "the frequency of

---

[1] In her reply, Ms. Tegeler suggests that the ALJ's Listing analysis violated the Fourth Circuit's mandate in *Fox v. Colvin,* 632 Fed. App'x 750, 2015 WL 9204287 (4th Cir. 2015). *Fox* requires that an ALJ provide express analysis, with factual support, to support a determination that a Listing has not been met. *Id.* Because, as noted above, the ALJ provided adequate analysis with supporting evidentiary citations elsewhere in the opinion, there is no *Fox* issue to justify remand.

[their] meetings was governed by changes in [Ms. Tegeler's] residence." Pl. Mot. 20-23; Pl. Reply 4-6; (Tr. 562). The AC is required to consider additional evidence submitted by a claimant only where it is (1) new, (2) material, and (3) relates to the period on or before the date of the ALJ hearing decision. 20 C.F.R. §§ 404.970(b); 416.1470(b). Evidence is new where "it is not duplicative or cumulative[,]" and is material where there is "a reasonable possibility that the new evidence would have changed the outcome." *Meyer v. Astrue,* 662 F.3d 700, 705 (4th Cir. 2011) (quoting *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991) (*en banc*)). Moreover, "[m]aterial evidence is evidence that relates to the claimant's condition for the time period for which benefits were denied, and not to after-acquired conditions or post-decision deterioration of a pre-existing condition." *Eidoen v. Apfel,* 221 F.3d 1342 (8th Cir. 2000). "[T]he regulatory scheme does not require the [AC] to do anything more than ... 'consider new and material evidence ... in deciding whether to grant review.'" *Meyer v. Astrue,* 662 F.3d 700, 706 (4th Cir. 2011). The AC is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation where it denies review. *Id*. In this case, the AC decision specified that it had considered the medical statement from Jack Hedblom, PhD., in addition to the other new records submitted at the appellate level, but had "concluded that the additional evidence does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2, 4). It is unclear whether Dr. Hedblom's statement is material, in light of the fact that no medical records were provided to substantiate the nature of his ongoing treatment of Ms. Tegeler and, specifically, her medical condition during the period relevant to the ALJ's decision, instead of evidence pre- or post-dating that window. Regardless, even if Dr. Hedblom's statement were viewed as material, the AC fulfilled its legal obligation to consider the evidence in deciding whether to grant review. Remand is therefore unwarranted.

For the reasons set forth herein, Ms. Tegeler's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                    Sincerely yours,

                                    /s/

                                    Stephanie A. Gallagher
                                    United States Magistrate Judge